# United States Court of Appeals for the Fifth Circuit

--------------

No. 24-50893
Summary Calendar

--------------

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mauro Delgado,

*Defendant—Appellant*.

--------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-280-3

--------------

Before Higginson, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Mauro Delgado, federal prisoner # 10852-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that the district court erred in concluding that he failed to establish extraordinary and compelling reasons warranting release, given the 2023 amendments to U.S.S.G. § 1B1.13(b)(6), p.s.; this court's case law

--------------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

regarding consideration of unusually long sentences; and his family circumstances. In addition, Delgado argues that the district court's reasons for denying relief are insufficient, as the court should have addressed his specific arguments for relief rather than merely citing generic statutory language.

We review for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). We need not consider whether the district court erred in determining that Delgado failed to show extraordinary and compelling reasons warranting relief; the district court's alternative and independent consideration of the 18 U.S.C. § 3553(a) factors provides a sufficient basis for affirmance. *See id.*; *see also United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). The district court explained that relief was not warranted "because of the nature and circumstances of Defendant's offense and his criminal history and characteristics." Delgado has not challenged the district court's conclusion that the § 3553(a) factors weigh against relief, and any such argument is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, the order shows that the district court "relied upon the record, while making clear that [the court] considered the parties' arguments and [took] account of the § 3553(a) factors." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Accordingly, the reasons provided are sufficient.

The order of district court is AFFIRMED.